*360
By the Court,

Cowen, J.
I am of opinion that this motion must be denied. The cause was brought on to trial by the plaintiff according to the course and practice of the court; and the only reason why it was not actually tried was, the refusal of the judge to allow the trial to proceed. The affidavit of merits was clearly defective; (Fitzhugh v. Truax, 1 Hill's R. 644, and note (a);) and was properly regarded by the plaintiff as a nullity. The defect left him a right to move the cause as an inquest; and after being led by the omission of the defendant to a loss of his preference on the calendar, the plaintiff ought not to be nonsuited because he could not again reach the cause. He did his utmost to try it according to his notice. The judge might have allowed him to do so; but thought it inexpedient. Suppose he had been thus prevented on attempting to try the cause upon the first call. In legal effect the plaintiff was ready and willing to try according to the course of the circuit; but was prevented by a power which he could not control. Such a proceeding is far from presenting a case for dismissing the cause or requiring a stipulation.
The motion must be denied with costs.
Rule accordingly.